LOUIS PATOWSKY ET AL., APPELLANTS, v. S. HORWITZ, RESPONDENTS.*

Kansas City Court of Appeals. May 21, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2728, p. 778, n. 75; Evidence, 23CJ, section 1916, p. 108, n. 84.

*I. M. Lux* for appellant.

*Otto P. Higgins* for respondent.

WILLIAMS, C.—This case comes to us from the circuit court of Jackson county. The bill of exceptions consists of the affidavit of I. M. Lux. The affidavit is as follows:

"Come now the defendants and show the court that on the 4th day of April, 1927, this cause was tried before the Honorable CLARENCE A. BURNEY, Judge of Division No. 6, of the above court, and by him taken under advisement; that thereafter on the 11th day of July, 1927, the said judge rendered an order, judgment and decree adverse to the defendants herein; that I. M. Lux, represented the defendants at the said hearing and at all other times in this suit; that he has law offices in Suite No. 922, Scarritt Building, Kansas City, Missouri; that neither at the time of, nor since the rendition of said order, judgment and decree, did any officer or employee of this court or of Division No. 6 thereof, notify, as is and has been for several years the practice in this court in matters taken under advisement, the said I. M. Lux, or any one connected with the office of the said I. M. Lux, of the rendition of said order, judgment and decree. Defendants state that the said I. M. Lux, after the said hearing, for the first few weeks thereafter, frequently made inquiry of the clerk of Division No. 6, with reference to whether or not the court had rendered any order, judgment or decree in this cause, and was always informed that he had not; that on July 8th, the mother of said I. M. Lux died, and was buried on July 11th, the date of the rendition; that the rites and precepts and rules of the Jewish Church, of which said I. M. Lux is a member, and of which his mother was a member, prohibtis any member of the immediate family of the deceased, which in this case included said I. M. Lux, from leaving the house where the said member of the family died, for seven consecutive days after the burial. Defendants state that the said I. M. Lux, in compliance with said precept remained in said

house for seven consecutive days from the 11th up to and including the 18th day of July.

"'Defendants state that neither they, nor their said attorney became aware of or learned of the rendition of said order, judgment and decree until this day, to-wit, the 9th day of September, 1927.

"'Defendants state that they believe that they are aggrieved, by the said order, judgment and decree, and that upon an appeal therefrom, the same will be modified or reversed; they further state that if the court will set aside the said order, judgment and decree, they will make no effort to keep the court from immediately thereafter rendering the same order, judgment and decree, and they will immediately file in this court, their motion for new trial preparatory to carrying this cause up to the appellate court.

"'Wherefore, defendants pray the court to set aside the said order, judgment and decree of his own motion and to re-enter the same or any other order, judgment and decree that the court may deem proper, in order that defendants may file their motion for new trial and perfect an appeal in this cause to the appellate court.'"

The court overruled the prayer in the affidavit. Motion for a new trial was filed and overruled, and appeal was prosecuted to this court.

In the brief of respondent it is contended that the circuit court's rules show that the daily record is the means to be relied upon by attorneys as to the disposition of their cases. We cannot, however, take judicial notice of the rules of the circuit court. [State ex rel. Clinton Const. Co. v. Johnson, 272 S. W. 928; E. D. Tyner Const. Co. v. Schoellkopf, 3 S. W. Rep. (2) p. 735.]

However, as the circuit judge knew the rules of the circuit court and refused to follow the custom as set out in the affidavit, we are authorized to hold that the circuit judge decided that the custom was otherwise, and for that reason we decline to interfere. [Construction Co. v. Goldsmith, 273 Mo. 184, l. c. 196.]

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.